UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00094-HBB

**TERRI VINCENT (*Schulze*)**
a/k/a Terri Schulze                                                                                           **PLAINTIFF**

VS.

**ROGER D. ELAM, et al**                                                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ryder Truck Rental, Inc.'s motion for summary judgment (DN 16). Plaintiff Terri Vincent has not filed an objection. The parties have consented to the undersigned's exercise of dispositive authority pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (DN 10, 11). For the foregoing reasons, Ryder's motion for summary judgment is **GRANTED**, and Plaintiff's Complaint asserted against Ryder is **DISMISSED with prejudice**.

### NATURE OF THE CASE

This matter arises out of a motor vehicle accident that occurred on March 26, 2018, in Logan County, Kentucky (DN 1-2 at ¶ 2). The Complaint alleges that Defendant Roger D. Elam's negligent and careless operation of a 2016 Freightliner COE 6X2 truck caused a head on collision with Ms. Vincent who was driving North on U.S. Highway 431 in her 2005 Chevrolet Suburban (Id. at ¶¶ 2, 3). The Complaint also alleges that at the time the accident occurred, Defendant Ryder Inc. owned that truck and rented it to Mr. Elam's employer, Defendant Clifford's Perennial and Vine, Inc. (Id. ¶ 2). Apparently, Mr. Elam was driving the truck in the course and scope of his employment with Clifford's when the accident occurred (Id.). The Complaint alleges Ms. Vincent

sustained personal injuries and damages as a direct and proximate cause of Mr. Elam's negligence (Id. at ¶¶ 5, 6).  The Complaint indicates that Ms. Vincent seeks recompence for her injuries and damages caused by Mr. Elam's negligence (Id. ¶ 6).[1]

Notably, the Complaint does not include any allegations of negligence or specific causes of action directed at Ryder (Id. ¶¶ 2-8).  Yet the Complaint's prayer for relief seeks "judgment against Ryder in an amount which will fairly and reasonably compensate [Ms. Vincent] for the damages incurred as a result of the negligence of [Mr. Elam]" (Id. PageID # 12).

Ms. Vincent originally filed the Complaint on March 17, 2020, in the Circuit Court for Logan County, Kentucky (DN 1-2).  On May 21, 2020, Mr. Elam, Clifford's, and Ryder removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (DN 1).  The case was originally assigned to the Chief District Judge (DN 2).  The parties subsequently consented to the undersigned's exercise of dispositive authority pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (DN 10).  And, by order entered August 26, 2020, the Chief District Judge reassigned the case to the undersigned magistrate judge (DN 11).

On October 29, 2020, Ryder filed its motion for summary judgment (DN 16).  Citing Kentucky common law and a federal statute, Ryder argues it cannot be held vicariously liable for the actions of Clifford's and/or its employee Mr. Elam simply on the basis of it owning the truck and renting it to Clifford's (Id. PageID # 73).  Notably, Ms. Vincent has not filed an objection to this dispositive motion.

---

[1] The Complaint also includes bad faith claims against Defendant Hortica Insurance, Co. (DN 1-2 PageID # 10-12). The bad faith claims are not relevant to the motion for summary judgment before the Court.

RULING

Summary Judgment Standard

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmovant. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Once the moving party shows there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. Id. at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

Here, there are no disputes regarding the facts of the case. The question turns on application of the law to the facts. When a federal court hears a case based on diversity jurisdiction, the court must apply the state law of the forum state as established by the state's highest court and legislature. Erie R. Co. v. Tompkins, 304 U.S. 64, 77-78, (1938).

Vicarious Liability

As mentioned above, Ryder argues that under Kentucky common law and a federal statute, it cannot be held vicariously liable for the actions of Clifford's and/or its employee, Mr. Elam. Under Kentucky common law, "[a] master-servant relationship must be proven and mere ownership of a vehicle that is involved in an accident is not sufficient to impose vicarious liability." Southard v. Belanger, 966 F. Supp. 2d 727, 743 (W.D. Ky. 2013) (citing Packard–Louisville Motor Co. v. O'Neal, 248 Ky. 438, 58 S.W.2d 630, 631 (1933); Taulbee v. Mullins, 336 S.W.2d 597, 598 (Ky.1960)). Considering this settled law, Ms. Vincent cannot hold Ryder vicariously liable for the actions of Clifford's and/or its employee Mr. Elam based on Ryder owning the truck and renting it to Clifford's (*see* DN 16-1 PageID # 76-80, Rental Agreement).

Additionally, Ms. Vincent has overlooked the Graves Amendment to the Federal Transportation Equity Act of 2005. 49 U.S.C. § 30106. Specifically, the Graves Amendment provides the following protections to business owners who rent or lease motor vehicles:

> **(a) In general.**--An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

Here, the Rental Agreement confirms that Ryder is the owner of the truck, is engaged in the business of renting such motor vehicles, and it rented the truck to Clifford's (DN 16-1 PageID # 76-80). Further, the Complaint does not accuse Ryder of any negligence or criminal wrongdoing (DN 1-2). Therefore, Vincent's claim of vicarious liability is precluded under the Graves Amendment because it is based solely on Ryder owning the truck and renting it to Clifford's.

**WHEREFORE**, the motion of Defendant Ryder Truck Rental, Inc. for summary judgment (DN 16) is **GRANTED**, and Plaintiff's Complaint asserted against Ryder is **DISMISSED with prejudice**.

March 24, 2021

*H. Brent Brennenstuhl*
H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:    Counsel of Record